IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN R. JONES,　　　　　　　　　　　　)
Register No. 186930,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　　) 　No. 04-4225-CV-C-NKL
　　　　　　　　　　　　　　　　　　　　)
DR. JACQUES LAMOUR, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In a motion to dismiss filed on December 16, 2004, defendants Conley, Matthews and Almanza assert that plaintiff's claims against them are barred by the five-year statute of limitations. Plaintiff Jones responded in opposition to dismissal and claims the statute of limitations should be tolled for the period required to exhaust administrative remedies. Defendants replied and the motion is now fully submitted and ready for a report and recommendation.

"Generally, a motion to dismiss may be granted when a claim is barred under a statute of limitations." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). If it appears clear from the face of the complaint that the action is barred, "the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled." Id.

In his complaint, plaintiff asserts that defendant Conley deliberately withheld prescribed medication and food supplements and made untimely urology referrals while he was housed at Missouri State Penitentiary. He states that Dr. Matthews knew of plaintiff's substantial weight loss and his medical condition and still denied him the needed food

supplements while he was housed at Crossroads Correctional Center. He further claims that defendant Almanza denied his prescribed food supplements and disregarded his medical needs after receiving notice of those needs while he was at Crossroads Correctional Center.

Plaintiff does not dispute the records submitted by defendants which show plaintiff was last housed at Crossroads Correctional Center on July 14, 1998, when he was transferred to Missouri State Penitentiary. Plaintiff does not allege that defendants Matthews and Almanza treated him at any institution other than Crossroads. Thus, defendants Matthews and Almanza last treated plaintiff in July 1998.

In his complaint, at paragraph 19, plaintiff states that "Dr. E. Conley, whom was plaintiff's chronic care physician from 1994-1998, deliberately refused plaintiff blood thinner prescribed medication." Thus, the face of the complaint indicates that the actions about which plaintiff complains occurred in or prior to 1998. Plaintiff filed this lawsuit on September 14, 2004.

In Wilson v. Garcia, 471 U.S. 261, 275 (1985), the Court specifically held that "the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." Accordingly, the Missouri five-year personal injury statute of limitations applies to section 1983 claims. Chandler v. Presiding Judge, Callaway County, 838 F.2d 977 (8th Cir. 1988).

Plaintiff appears to acknowledge that the events occurred more than five years prior to his filing this lawsuit, but argues that the statute should be tolled during the time it took to exhaust his administrative remedies. In support, he submits a copy of an order in Smith v. Unknown Corrections Officer, MSP, No. 04cv1605 (E.D. Mo. 2005), which permitted a case to proceed at the initial screening stage because there was a possibility that tolling might be applicable. The case did not decide the issue or hold that tolling applied to prisoner civil rights claims while administrative remedies were being exhausted, but noted that the Eighth Circuit Court of Appeals had not decided the issue and plaintiff had an arguable claim.

This case is not at the initial screening phase, however. Defendants' motion specifically seeks dismissal based on the statute of limitations. Thus, plaintiff has an

obligation to come forward with some proof that tolling should apply and that, with tolling, his claims would not be barred.

Plaintiff has not done so. He did not submit any records or show any dates suggesting how long it took to exhaust his administrative remedies. The five-year statute of limitations would bar claims for events which occurred prior to September 14, 1999. The claims against defendants Matthews and Almanza were for events which occurred prior to July 14, 1998, which is 14 months prior to the September 14, 1999, cutoff date. The claims against defendant Conley were for events which occurred between 1994 and 1998, which is at a minimum of 9 months prior to the September 14, 1999, cutoff date. Unless plaintiff has proof that he timely sought administrative remedies and they were not exhausted within the appropriate time frames, his tolling argument fails even if tolling is applicable.[1]

In the absence of such evidence, plaintiff has not met his burden and the motion to dismiss should be granted.

Named as provisional defendants in this case are Dr. Armstrong, Dr. Sutherland and Dr. Richard Smith. Plaintiff complied with the order to supply the court with addresses for service of process, but service at those addresses were returned, unexecuted. Fed. R. Civ. P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, it has been more than 120 days since plaintiff's original complaint was filed. Service has been attempted upon defendants Armstrong, Sutherland and Smith and were returned unexecuted. Plaintiff has not provided additional addresses.

THEREFORE, IT IS ORDERED that within twenty days, plaintiff show cause why his claims against defendants Armstrong, Sutherland and Smith should not be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

---

[1] At this stage, the court does not find it necessary to address whether or to what extent tolling should apply while a prisoner pursues available administrative remedies.

3

ORDERED that within twenty days, plaintiff show cause why defendant Neal's motion of February 18, 2005, to dismiss should not be granted. It is further

RECOMMENDED that the December 16, 2004, motion to dismiss filed by defendants Conley, Matthews and Almanza be granted and the claims against them be dismissed because barred by the statute of limitations [14].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 17th day of March, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4