IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN R. JONES, Register No. 186930,  )
                                      )
                    Plaintiff,        )
                                      )
            v.                        )   No. 04-4225-CV-C-NKL
                                      )
DR. JACQUES LAMOUR, et al.,           )
                                      )
                    Defendants.       )

## REPORT AND RECOMMENDATION

Plaintiff John R. Jones, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court are the motions of Drs. William D. Armstrong and Durwood Neal to dismiss plaintiff's claims in his first amended complaint. Plaintiff has responded to the motions and defendant Armstrong has filed a reply.

*Dr. William D. Armstrong*

Defendant Armstrong's motion argues that plaintiff has failed to plead a deliberate indifference cause of action against him. Defendant argues that plaintiff's first amended complaint makes only general and conclusory allegations and is without any foundation or supporting facts. Defendant argues that plaintiff has failed to plead the prima facie elements of his claim against Armstrong.

Plaintiff argues that his first amended complaint complies with the pleading requirements of the Federal Rules of Civil Procedure, and that he should be entitled the opportunity to prove the facts in support of his claim. In the alternative, plaintiff's response sets forth specific deliberate indifference allegations against defendant Armstrong.

A motion to dismiss should not be granted unless it appears beyond a doubt that the plaintiff can provide no set of facts which would entitle him to relief. <u>Schmedding v. Tnemec</u>

Co., Inc., 187 F.3d 862, 865 (8th Cir. 1999) (citing Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994)).  Neither should a motion to dismiss be granted merely because it does not state with precision all elements that give rise to a legal basis for recovery.  Id. (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).  The Federal Rules employ a notice-based pleading system.  Id.  Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint is required only to contain a short and plain statement showing the pleader is entitled to relief.  Id.; Fed. R. Civ. P. 8(a).  The essential function of notice pleading is to give the opposing party fair notice of the nature and basis or ground for a claim and general indication of the type of litigation involved.  Northern States Power Co., 358 F.3d 1050, 1056-57 (8th Cir. 2004).  See also Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993) (reiterating that a plaintiff is not required to set out detailed facts upon which he bases his claim but that a complaint must contain a short and plain statement that will give the defendant fair notice of what plaintiff's claim is and the grounds on which it rests) (citing Conley v. Gibson, 355 U.S. 41 (1957)).

Plaintiff alleges in his first amended complaint that defendant Armstrong demonstrated a wanton, willful, and deliberate indifference to plaintiff's medical needs; specifically identifying defendant Armstrong's failure to provide medical treatment for plaintiff's continuing and progressive impotence and testicular atrophy.  The court finds that when liberally construing plaintiff's complaint in the light most favorable to the plaintiff, and assuming the facts pleaded by plaintiff as true, plaintiff's claims against defendant Armstrong are sufficiently plead under Rule 8(a), and do not warrant dismissing at this state in the proceedings.  Plaintiff's complaint provides defendant Armstrong with notice of plaintiff's deliberate indifference medical claims relating to his impotence and testicular atrophy, as required by Rule 8(a).  Additionally, the court cannot determine at this time that there is no set of facts which would entitle plaintiff to relief.  Therefore, defendant Armstrong's motion to dismiss should be denied.

*Dr. Durwood Neal*

Dr. Durwood Neal is not named as a defendant in plaintiff's first amended complaint.  Rather, plaintiff's response to Dr. Neal's motion to dismiss indicates that consultation with defense counsel for Dr. Neal revealed that the motion was erroneously drafted to the original complaint, in which Dr. Neal had been previously named as a defendant.  Plaintiff does not

2

oppose dismissal of Dr. Durwood Neal, without prejudice. Dr. Durwood Neal has not filed a reply.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims against Dr. Durwood Neal be dismissed, without prejudice, and Dr. Neal's motion to dismiss be denied as moot [79]. It is further

RECOMMENDED that Dr. William Armstrong's motion to dismiss be denied [80].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 24th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3